United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jane Doe, Plaintiff,<br><br>v.<br><br>City of Miami, Florida, a municipal corporation, Johanna Garcia, individually, Shrieff Swan, individually, and Ruben Gonzalez, individually, Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 23-23712-Civ-Scola<br>)<br>)<br>)<br>)<br>) |

**Order Granting Motion to Set Aside Clerk's Default**

This cause is before the Court on the City of Miami's (the "City") motion to set aside clerk's default. (Mot., ECF No. 20.) The City's Local Rule 7.1(a)(3) certification explains that the Plaintiff does not have a position on the motion and leaves it to the Court's discretion. After considering the City's motion, the record, and the relevant legal authorities, the Court finds good cause to **grant** the City's motion. (**Mot., ECF No. 20**.)

The Plaintiff filed her complaint on September 28, 2023, and the City was served on October 4, 2023. (ECF Nos. 1, 9.)  Therefore, the City's answer was due on or before October 25, 2023. On November 1, 2023, the Plaintiff moved for a clerk's entry of default as to the City, the clerk entered a default, and the next day, the Plaintiff moved for default judgment and the Court issued an order on default judgment procedure. (ECF Nos. 13, 14, 15 16.) The Court's order specified that "[i]f the Defendants fail to move to set aside the Clerk's Default, or fail to otherwise respond to this lawsuit, on or before **November 13, 2023**, Default Final Judgment may be entered." (ECF No. 16 (emphasis in original).)

On November 10, 2023, the City filed its motion to set aside the clerk's default. (Mot., ECF No. 20.) In its motion, the City's counsel explains that the matter was assigned to him on October 6, 2023, but that his assistant was inadvertently left out of the assignment email, and, as a result, the deadline for the City to respond was not calendared. (*Id.* ¶ 3.) In addition, the City's counsel explains that during that period, he was presented with serious personal difficulties involving an immediate family member, as well as other professional responsibilities, which prevented him from noticing that the deadline to respond to the Plaintiff's complaint had not been calendared. (*Id.* ¶¶ 4–6.) The City also argues compellingly that setting aside the clerk's default would not

prejudice the Plaintiff, as, among other reasons, she has yet to serve the other Defendants in this case.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (Moore, J.). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A.*, 88 F.3d at 951. To determine whether good cause exists, the Court considers (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Id.*

The City has demonstrated to the Court's satisfaction that its failure to respond to the complaint was not culpable or willful. Furthermore, setting aside the default will not prejudice the Plaintiff, as she will still be able to pursue her claims. The City also indicates in its motion that it has meritorious defenses to the Plaintiff's claims, attaching a proposed motion to dismiss to its motion to set aside.

Accordingly, the Court **grants** the City's motion to set aside the clerk's default. (**Mot., ECF No. 20**.) The City must separately refile its proposed motion to dismiss by **November 16, 2023**.

Finally, the Plaintiff's related, unopposed motion to stay the time for her to file the response required by the Court's order on default judgment procedure is **denied as moot**. (**ECF No. 21**.)

**Done and ordered** in Miami, Florida, on November 14, 2023.

Robert N. Scola, Jr.
United States District Judge